UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────

KAMRON CAMPBELL,

                            Plaintiff,
    v.                                                      9:21-CV-0853
                                                                     (DNH/TWD)

N.V. ORGANON, et al.,

                            Defendants.
─────────────────────────────────

APPEARANCES:

KAMRON CAMPBELL
16-D-0018
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

DAVID N. HURD
United States District Judge

## DECISION and ORDER

      A Complaint from pro se plaintiff Kamron Campbell ("Plaintiff") was received for filing in the Northern District of New York on July 29, 2021.  Dkt. No. 1.  On July 29, 2021, the Clerk of the Court received a payment of $350.00, which Plaintiff indicated was for the filing fee.

      A civil action is commenced in federal district court by filing a complaint.  Fed. R. Civ. P. 3.  The filing fee must also be paid at the time an action is commenced, unless the plaintiff seeks in forma pauperis status.  *See* 28 U.S.C. §§ 1914(a), 1915(a).  The total cost for filing a civil action in this court is $402.00, consisting of the civil filing fee of $350.00 (*see* 28 U.S.C. § 1914(a)), and an administrative fee of $52.00.  Plaintiff has not requested to

proceed in forma pauperis ("IFP"), which if granted, would result in a waiver of the $52.00 administrative fee.[1]

Since Plaintiff has not paid the entire filing fee of $402.00, and has not submitted a completed, signed and certified IFP Application,[2] he has not properly commenced this action, and it is subject to dismissal. However, in light of Plaintiff's pro se status, the Court will afford Plaintiff an opportunity to submit, within thirty (30) days of the filing date of this Decision and Order, either (1) the balance of the filing fee, namely $52.00; **or** (2) a completed, signed, and certified IFP Application.[3] If Plaintiff fails to timely do either of these two things, this action will be dismissed without prejudice without further Order of the Court.

Therefore, it is

ORDERED that

1. Plaintiff must, **within thirty (30) days** of the filing date of this Decision and Order, **either** (1) pay the $52.00 balance of the $402.00 filing fee, **or** (2) submit an IFP Application which has been completed and signed by him, and which has been certified by an appropriate official at his facility;[4]

2. In the event that Plaintiff fails to timely comply with this Decision and Order, this

---

[1] A party granted in forma pauperis status is not required to pay the $52.00 administrative fee; however, a prisoner granted in forma pauperis status is required to pay, over time, the full amount of the $350.00 filing fee, regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

[2] A "certified" IFP Application is one on which the Certificate portion at the bottom of page two of the form IFP Application has been completed and signed by an appropriate official at the inmate's facility. The Certificate portion of the IFP Application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

[3] If Plaintiff is granted in forma pauperis status, he will not be required to pay the $52.00 administrative fee.

[4] Inmate account statements may be submitted in lieu of the completed certificate portion of the IFP Application. *See* 28 U.S.C. § 1915(a)(2).

action will be **dismissed without prejudice, without further Order of this Court**;

3. If Plaintiff timely complies with this Decision and Order, the file in this matter shall be returned to the Court for further review[5]; and

4. The Clerk shall serve a copy of this Decision and Order on Plaintiff and a blank IFP Application which includes the Certificate portion required in the Northern District of New York.

IT IS SO ORDERED.

Dated: August 12, 2021
       Utica, New York.

_____
United States District Judge

---

[5] Plaintiff's motion for a temporary restraining order, Dkt. No. 2, is held in abeyance pending compliance with this Order.